IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARSHALL SPIEGEL**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **JUDICIAL ATTORNEY SERVICES, INC.** and **RYAN FLASKA,** | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, MARSHALL SPIEGEL, by and through his attorney, Mark T. Lavery, brings this Complaint against Defendant, JUDICIAL ATTORNEY SERVICES, INC., for violation of the Fair Debt Collection Practices Act and Section 1983.

### *Parties*

1. Plaintiff, Marshall Spiegel, is a consumer residing in this district.

2. Defendant, Judicial Attorney Services, Inc. (JAS), is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") located in this district with a registered agent, Robert D. Fairbanks, located at 2100 Manchester Rd., #301, Wheaton, IL. Ryan Flaska is an agent and/or employee or JAS working as a debt collector as defined by the Fair Debt Collection Practices Act.

### *Jurisdiction and Venue*

3. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FDCPA, 15 U.S.C. § 1692 and 42 U.S.C § 1983.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

*Factual Allegations*

5. Judicial Attorney Services has an Illinois Private Detective Agency License # 117-001119.

6. Judicial Attorney Services, Inc. is a professional attorney support firm.

7. Judicial Attorney Services was utilized by Potratz & Hollander, P.C. to support efforts to collect a personal debt allegedly owed by Plaintiff.

8. On December 22, 2008, JAS, by and through Ryan Flaska, using License # 117-001119, executed a false Proof of Service Document.

9. Ryan Flaska falsely claimed that he made personal service on Plaintiff.

10. On May 21, 2009, JAS's agent Flaska presented false testimony in the Circuit Court of Cook County in Case Number 2008 L 009737 claiming that he made personal service on Plaintiff at the door of Plaintiff's condominium.

11. In fact, JAS nor Flaska ever made personal service upon Plaintiff.

12. Defendants made false statements in an attempt to enforce collection of a consumer debt.

13. Defendants' conduct went beyond being merely a messenger in serving legal process.

14. Rather, Defendants made false sworn written statements and made false testimony in Court in order to attempt to enforce and collect an alleged consumer debt.

15.  On August 11, 2009, Judge Dennis J. Burke granted Plaintiff's motion to quash service related to the false claim of service of process made by Defendants.

16.  Defendants engaged in prohibited activities under the FDCPA in an attempt to force an Plaintiff to repay a debt.

17.  Defendants also violated Defendant's constitutional and civil rights by acting under color of state law and providing false information to the Court about service.

## COUNT I

*Violation of Fair Debt Collections Practices Act*

18.  Plaintiff realleges and incorporates paragraphs 1-17 into this count.

19.  Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20.  Defendants made false, deceptive and misleading representations in connection with the collection of a debt by means of the false document executed December 22, 2008.

21.  Defendants made false, deceptive and misleading representations in connection with the collection of a debt by means of the false testimony in Court on May 21, 2009.

22.  Plaintiff was damaged by Defendants' conduct and lost money out-of-pocket as a direct and proximate result of Defendants' conduct.

WHEREFORE, Plaintiff, Marshall Spiegel, asks that the Court enter judgment in his favor and against Defendants, Judicial Attorney Services, Inc. and Ryan Flaska, as follows:

 (A) The maximum amount of damages provided under the FDCPA, 15 U.S.C. 1692(k);

 (B) Declaratory and corresponding injunctive relief;

 (C) Reasonable attorney's fees and costs; and

 (D) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II
### Violation of 42 U.S.C. 1983

23. Plaintiff realleges and incorporates paragraphs 1-22 into this Count.

24. Defendants were acting under color of state law as a special process server for an action pending in the Circuit Court of Cook County.

25. Defendants by executing a false affidavit of service of a summons on a defendant in a civil proceeding engaged in "sewer service" which is a denial of due process.  See United States v. Wiseman, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971). See also *Carrasco v. Klein*, 381 F. Supp. 782, 1974 U.S. Dist. LEXIS 6924 (E.D.N.Y. 1974).

26. Defendants caused Plaintiff deprivation of rights, privileges, or immunities secured by the Constitution and laws.

27. Defendants violated Plaintiff's right to due process in violation of the Fifth and Fourteenth Amendments.

28. Defendants are liable to Plaintiff for damages.

WHEREFORE, Plaintiff, asks that the Court enter judgment in his favor and against Defendants, Judicial Attorney Services, Inc. and Ryan Flaska, as follows:

 (A) Actual damages;

    (B)    Punitive Damages;

    (C)    Reasonable attorney's fees and costs; and

    (D)    Any other relief that this Court deems appropriate and just under the circumstances.

Respectfully Submitted,
Plaintiff Marshall Spiegel

_/s/_ Mark T. Lavery
By His Attorney

Mark T. Lavery
733 Lee, Suite 150
Des Plaines, IL 60016
(847) 813-7771