## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARSHALL SPIEGEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2009-cv-7163 |
| | ) | |
| **JUDICIAL ATTORNEY SERVICES, INC.** | ) | |
| **RYAN FLASKA,** | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, MARSHALL SPIEGEL, by and through his attorney, Mark T. Lavery,

brings this Amended Complaint against Defendants, JUDICIAL ATTORNEY

SERVICES, INC., and RYAN FLASKA, for abuse of process and violation of the Fair

Debt Collection Practices Act and the Illinois Consumer Fraud Act.

### *Parties*

1.　　Plaintiff, Marshall Spiegel, is a consumer residing in this district.

2.　　Defendant, Judicial Attorney Services, Inc. (JAS), is a debt collector as

defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") located in this

district with a registered agent, Robert D. Fairbanks, located at 2100 Manchester Rd.,

#301, Wheaton, IL.

3.　　Ryan Flaska is an agent and/or employee of JAS working as a debt

collector as defined by the Fair Debt Collection Practices Act.

### *Jurisdiction and Venue*

4.      Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because

Plaintiff's claim arises under the FDCPA, 15 U.S.C. § 1692 and 42 U.S.C § 1983.  The

Court has supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts

giving rise to this action occurred in substantial part in this district.

### *Factual  Allegations*

6.      JAS has an Illinois Private Detective Agency License # 117-001119.

7.      JAS is a professional attorney support firm.

8.      JAS has worked with over 4000 attorneys in the past 12 years.

9.      JAS advertises, "Have a judgment and need to collect?  We can assist in

finding individuals and business bank accounts, real property, boats, planes and current

employment."

10.      JAS will custom tailor services to meet the needs of a law firm.

11.      Judicial Attorney Services was utilized by Potratz & Hollander, P.C. to

support efforts to collect a personal debt allegedly owed by Plaintiff.

12.      On December 22, 2008, JAS, by and through Ryan Flaska, using License

# 117-001119, executed a false Proof of Service Document.

13.      Ryan Flaska falsely claimed that he made personal service on

Plaintiff.

14.      The return of service included an inaccurate description of Plaintiff.

15.   On February 5, 2009, Spiegel filed a Motion to Quash that included a certification stating that he was never served.

16.   On May 21, 2009, JAS's agent Flaska presented false testimony in the Circuit Court of Cook County in Case Number 2008 L 009737 claiming that he made personal service on Plaintiff at the door of Plaintiff's condominium.

17.   Ryan Flaska gave false testimony about the entryway to Spiegel's condo building.

18.   Flaska testified that pressed a button and that he buzzed into the building and gained access to the front door of Spiegel's condominium unit.

19.   Spiegel's condo building does not have a buzzer system it has a telephone system for entry.

20.   Flaska and Herbert conspired to deprive Spiegel of equal protection of law, namely to deprive him of his due process right to proper notice of a lawsuit.

21.   Neither JAS nor Flaska ever made personal service upon Plaintiff.

22.   Flaska on behalf of JAS made false statements in an attempt to enforce collection of a consumer debt.

23.   Defendants JAS and Flaska's conduct went beyond being merely a messenger in serving legal process.

24.   Rather, Defendants made false sworn written statements and made false testimony in Court in order to attempt to enforce and collect an alleged consumer debt.

25.   On August 11, 2009, Judge Dennis J. Burke granted Plaintiff's motion to quash service related to the false claim of service of process made by Defendants.

26.     Spiegel suffered damages as a proximate result of Defendants' conduct in that he incurred court costs, attorney's fees and suffered emotional distress, aggravation and inconvenience.

## COUNT I
### *Violation of FDCPA Against Defendants JAS and Flaska*

27.     Plaintiff realleges and incorporates paragraphs 1-26 into this count.

28.     Defendants acted as debt collectors, as defined by the FDCPA, with respect to Spiegel.

29.     Defendants regularly attempt to collect debts by assisting debt collection lawyers in debt collection litigation.

30.     Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector but the language of 1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." See *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002).

31.     Defendants JAS and Flaska were not serving or attempting to serve "legal process" but rather were engaged in the act of filing a false return of service and providing false testimony to a court to force collection of the consumer debt against Spiegel.

32.     Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt" and 1692e(13) prohibits the "false representation or implication that documents are legal process."

33.     Defendants JAS through Flaska made false, deceptive and misleading representations in connection with the collection of a debt by means of the false document executed on December 22, 2008.

34.     Defendants JAS through Flaska made false, deceptive and misleading representations in connection with the collection of a debt by means of the false testimony in Court on May 21, 2009.

35.     On May 21, 2009, Flaska testified that he personally served Spiegel, this statement was false.

36.     Flaska affirmed in the 12/22/2008 return of service that he personally served Spiegel, this statement was false.

37.     Section 1692f of the FDCPA states in relevant part that a debt collector, may not "use unfair or unconscionable means to collect or attempt to collect any debt."

38.     Defendant's act of filing a false return of service represented an unfair and unconscionable means to collect or attempt to collect any debt.

39.     Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that he incurred costs and attorney's fees and suffered emotional distress, aggravation and inconvenience.

WHEREFORE, Plaintiff, Marshall Spiegel, asks that the Court enter judgment in his favor and against Defendants, Judicial Attorney Services, Inc. and Ryan Flaska, as follows:

(A)     The maximum amount of damages provided under
        the FDCPA, 15 U.S.C. 1692(k);

(B)     Declaratory relief;

(C)     Reasonable attorney's fees and costs; and

(D)     Any other relief that this Court deems appropriate
        and just under the circumstances.

## COUNT II
### Abuse of Process Against JAS and Flaska

40.     Plaintiff realleges and incorporates paragraphs 1-39 into this Count.

41.     Defendant used of legal process that was not proper in the regular prosecution of the proceedings -- namely using a false return of service and false testimony in court with existence of an ulterior purpose or wrongful motive -- namely to enforce collection of a debt without proper notice and due process.

42.     Defendant's abuse of process caused damages to Spiegel including incurring costs and attorney's fees, and suffering emotional distress, aggravation and inconvenience.

WHEREFORE, Plaintiff, asks that the Court enter judgment in his favor and against Defendants, Judicial Attorney Services, Inc., Ryan Flaska and Barbara Herbert, as follows:

(A)     Actual damages;

(B)     Punitive Damages;

(C)     Any other relief that this Court deems appropriate
        and just under the circumstances.

## COUNT V
### Violation of Illinois Consumer Fraud Act Against JAS and Flaska

43.     Plaintiff realleges and incorporates paragraphs 1-42 into this Count.

44.      815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

45.     Defendants JAS and Flaska engaged in the course of trade and commerce when they provided the false return of service against Spiegel.

46.     Defendants JAS and Flaska are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

47.     Defendants JAS and Flaska committed a deceptive act or practice when they provided the false return of service that made the false statement that Spiegel was served on December 22, 2008.

48.     Defendant Flaska committed a deceptive act or practice when he falsely testified on May 21, 2009 that he served Spiegel.

49.     Flaska never served Spiegel.

50.     Defendant Flaska intended that the Court, Herbert and ultimately Spiegel would rely on the deception.

51.     Spiegel suffered actual damages as a proximate result of Defendant's conduct in that he incurred attorney's fees and suffered emotional distress, aggravation and inconvenience.

52.     Defendant's conduct also constituted an unfair practice.

53.     Defendant's conduct offends public policy.

54.     Defendant's practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

55.     Defendant's act of providing a false return of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

56.     Defendant's act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

57.     Defendant's act of providing testimony is immoral under long standing proscription against bearing false witness as embodied by the Ninth Commandment.

58.     Defendant's act of providing false witness is unethical act by person who is an Illinois licensed private detective.

59.     Defendant's act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

60.     Sewer service has long been recognized as harmful unlawful practice.  See *Scarver v. Allen*, 457 F.2d 308, fn. 1 (7th Cir. 1972); *United States v. City of Philadelphia*, 644 F.2d 187 (3rd Cir. 1981); *Blouin v. Dembitz*, 489 F.2d 488 (2nd Cir. 1973); See *United States v. Wiseman*, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); *United States v. Brand Jewelers, Inc.*, 318 F. Supp. 1293 (S.D. N.Y. 1970).

61.      Spiegel suffered actual damages as a proximate result of Defendant's

unfair practice in that he incurred costs and attorney's fees and suffered emotional

distress, aggravation and inconvenience.

WHEREFORE, Plaintiff, asks that the Court enter judgment in his favor and

against Defendants, Judicial Attorney Services, Inc. and Ryan Flaska, as follows:

(A)      Actual damages;

(B)      Punitive Damages;

(C)      Equitable relief, including disgorgement;

(D)      Reasonable attorney's fees and costs; and

(E)      Any other relief that this Court deems appropriate
          and just under the circumstances.


                              Respectfully Submitted,
                              Plaintiff Marshall Spiegel

                              _/s/_Mark T. Lavery_____
                              By His Attorney

Mark T. Lavery
733 Lee, Suite 150
Des Plaines, IL 60016
(847) 813-7771