# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7163 | **DATE** | 12/3/2010 |
| **CASE TITLE** | Spiegel v. Judicial Attorney Services, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Rule 12(b)(6) motion is converted to a motion for summary judgment on plaintiff's FDCPA claim. Defendants are given until December 13, 2010 to submit any additional material; plaintiff shall have until December 23, 2010 to respond; any reply is due by December 30, 2010. Ruling to be made by mail. Status hearing set for 12/6/10 is reset for 2/2/11 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Marshall Spiegel ("Spiegel") sued defendants Judicial Attorney Services, Inc. and Ryan Flaska (together, "defendants") for violation of the Fair Debt Collection Practices Act ("FDCPA," "the Act"), 15 U.S.C. § 1692 *et seq*. He also asserts state law claims for abuse of process and violation of Illinois Consumer Fraud Act.

    Defendants are process servers retained by Potratz & Hollander, P.C., a law firm that sued Spiegel in Illinois court to recover fees for legal representation it had previously provided to him. Spiegel alleges that defendants violated the FDCPA by "execut[ing] a false Proof of Service Document" and falsely claiming in state court proceedings that they effected personal service on him. Compl. ¶¶ 12, 13, 16-17, 31. Defendants have moved to dismiss Spiegel's FDCPA claim and ask that I decline to exercise supplemental jurisdiction over Spiegel's remaining state law claims. As explained below, I deny the motion to dismiss and convert it to a motion for summary judgment.

    Defendants first argue that they are exempt from liability under FDCPA because, as process servers, they do not fall within the FDCPA's definition of "debt collector." While the Act indeed carves out a general exception for process servers, *see* 15 U.S.C. § 1692a(6)(D)(providing that the term "debt collector" does not include "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt"), courts have held that the exemption does not apply where process servers have engaged in coercive, abusive, or harassing

activities. In such instances, as one court has explained, the process server "steps beyond the bounds of the official duties inherent in serving process and takes on a secondary role of debt collector as defined within the statute." *Flamm v. Sarner & Associates, P.C.*, No. 02-4302, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002); *see also Andrews v. South Coast Legal Services, Inc.*, 582 F. Supp. 2d 82, 88-89 (D. Mass. 2008) (plaintiff's allegations that "defendants prepared false and misleading documents, made demands for costs and fees to which they were not entitled, and engaged in other conduct that smack[ed] of ... a harassing and coercive kind of debt collecting . . . [were] sufficient to take the defendants out of the process server exemption and to withstand the motion to dismiss") (quotation marks and brackets omitted).

Spiegel argues that, like the conduct alleged in *Andrews* and *Flamm*, defendants' conduct, as alleged here, renders the process-server exemption inapplicable. Although the paucity of case authority on the issue makes the argument difficult to assess, I ultimately agree. Spiegel specifically alleges that defendants "went beyond being merely a messenger in serving legal process." Am. Compl. ¶ 31. And while the conduct Spiegel alleges does not involve the precise form of harassment alleged in *Andrews* and *Flamm*, defendants' alleged dissembling can nonetheless be viewed as harassment and as a type of conduct that the FDCPA is designed to punish. *See* 15 U.S.C. § 1692e (providing that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt").

In rejoinder, defendants cite *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015 (E.D. Mo. 2007). There, the court found that the exemption applied to a process server who had repeatedly pounded on the door of the plaintiff's home, demanding to see one of the plaintiffs and refusing to identify himself. *Id.* at 1017. *Worch* in no way contradicts *Andrews* or *Flamm*, however; on the contrary, *Worch* does not address the question whether the process server's behavior might have made the exemption inapplicable.

Defendants next argue that plaintiff's FDCPA claim fails because the underlying suit for which they were retained to serve plaintiff was an action to collect unpaid legal fees. As courts have observed, the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Attorneys' fees and similar legal expenses have not been viewed as transactions primarily for personal, family, or household purposes, and thus have been held to fall outside the FDCPA's ambit. *See, e.g., Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009); *Vaile v. Willick*, No-07-00011, 2008 WL 204477, at *5-6 (W.D. Va. Jan. 24, 2008); *Simmonds and Narita LLP v. Schreiber*, 566 F. Supp. 2d 1015, 1017 (N.D. Cal. 2008).

## STATEMENT

To support their claim that the underlying action was for the recovery of attorneys' fees, defendants have attached several documents to their motion, including the complaint filed in the Potratz & Hollander suit. Defendants argue that I may take judicial notice of these documents without converting the instant motion to a motion for summary judgment. For his part, Spiegel insists that the "underlying obligation is a debt under the FDCPA because the payment for legal services sought by Defendants' client was primarily personal in nature"; and while he does not dispute the authenticity of the defendants' documents, he does insist that the documents fail to provide an accurate picture of debt's true character. He asks that the motion be converted to one for summary judgment so that he might have an opportunity to develop his position.

District courts have broad discretion to convert motions to dismiss into motions for summary judgment where documents beyond the pleadings are submitted along with the motion to dismiss. *See, e.g.*, Charles Wright & Arthur Miller, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.)(noting that "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it"). Under the circumstances present here, I conclude that conversion is the more prudent way to proceed.

Accordingly, defendants' Rule 12(b)(6) motion is converted to a motion for summary judgment on plaintiff's FDCPA claim. Defendants' request that I decline to exercise supplemental jurisdiction over Spiegel's state law claims is denied without prejudice. Briefing should proceed in accordance with the schedule outlined in the accompanying docket entry.