**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MARSHALL SPIEGEL,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 09 C 7163 |
| **JUDICIAL ATTORNEY SERVICES, INC.,** and **RYAN FLASKA,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marshall Spiegel ("Spiegel") sued defendants Judicial Attorney Services, Inc. and Ryan Flaska (together, "defendants") for violation of the Fair Debt Collection Practices Act ("FDCPA," "the Act"), 15 U.S.C. § 1692 *et seq*. Defendants are process servers retained by Potratz & Hollander, P.C. ("P&H"), a law firm that represented Spiegel in a number of lawsuits and that subsequently brought a collection action against Spiegel to recover legal fees.[1] In the instant suit, Spiegel claims that the defendants violated the FDCPA's prohibition on "unfair, harassing and deceptive debt collection practices" by, *inter alia*, falsely claiming that they effected personal service on him in connection with P&H's suit. Spiegel also claims that the defendants executed

---

[1] The collection action has since been voluntarily dismissed by H&P. Defs.' Resp. to Pl.'s L.R. 56.1 Stmt. Add'l Facts ¶ 35. Apparently, the motion to quash apparently granted. *See* Pl.'s Resp. Br. at 12.

a false proof of service document, and that when he moved to quash on the ground that he had not been served, they testified falsely in court that they had in fact served him personally. According to Spiegel, the defendants were engaged in "sewer service" -- i.e., failing to serve a debtor and filing a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment is entered against him.

Defendants initially moved to dismiss the suit on the ground that, as process servers, they were exempt from the FDCPA's definition of "debt collector." *See* 15 U.S.C. § 1692a(6)(D). I rejected this argument, holding that if Spiegel's allegations were true, the defendants' actions would have taken them beyond their role as process servers and rendered them ineligible for the exception.[2]

---

[2] This conclusion is in accord with *Sykes v. Mel Harris and Associates*, LLC, No. 09 Civ. 8486(DC), --- F. Supp. 2d ----, 2010 WL 5395712 (S.D.N.Y. Dec. 29, 2010), which was decided after my disposition of the original motion and which, like the instant case, involved allegations of "sewer service." The plaintiffs in *Sykes* alleged that the defendants -- a debt-buying company, a law firm, and a process service company called "Samserv" -- were involved in a scheme whereby they would purchase debt portfolios and file a fraudulent affidavit that they had effected service on the debtor. When the debtors later failed to appear in court, the defendants would obtain default judgments against them.

Samserv argued that it was not a "debt collector" under the FDCPA by virtue of the process-server exception. The court rejected the argument, stating that "a process server who goes beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt cannot claim the exemption's protections. Because the FDCPA protects process servers only 'while' they serve process, the Samserv defendants' alleged failure to serve plaintiffs process

The defendants also argued that Siegel's FDCPA claim should be dismissed because they were not attempting to collect a "debt" within the meaning of the Act. As defined by the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). I noted that courts have not regarded attorneys' fees and similar legal expenses as transactions primarily for personal, family, or household purposes. *See, e.g.*, *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009). Nevertheless, Spiegel insisted that "the payment for legal services sought by [P&H] was primarily personal in nature." Resp. to Mot. to Dismiss ¶ 10. He requested that I convert the motion to dismiss to a motion for summary judgment and that he be given an opportunity to submit evidence in support of his position.

I granted Spiegel's request and the parties have submitted additional materials in connection with the defendants' summary judgment motion. Much of this information has to do with the subject matter of the underlying lawsuits for which Spiegel retained P&H's services. Spiegel maintains that each of the suits

---

and provision of perjured affidavits of service remove them from the exemption." *Id.* at *5.

was brought for personal reasons, not commercial purposes, and that, as a result, they meet the FDCPA's definition of "debt." Against this, the defendants argue that the nature of the underlying suits is irrelevant in determining whether Spiegel's obligation to them constitutes a "debt" within the meaning of the FDCPA. They claim that "regardless of the context in which a lawsuit arises, legal claims are not 'debts' because, by definition, they do not arise out of a consensual transaction involving personal, family or household matters as required to invoke the FDCPA." Reply 2-3.

I disagree. First, the source of the obligation at issue in this case is not P&H's suit against Spiegel. On the contrary, P&H's suit was instituted to collect on the preexisting obligation that Spiegel had already incurred by retaining P&H's services. Further, despite the defendants' insistence to the contrary, it is necessary to examine the subject matter of the underlying suits in order to determine whether the legal fees constitute a "debt" under the FDCPA. Indeed, this is illustrated by the cases on which the defendants themselves rely. *See, e.g.*, *Simmonds and Narita LLP v. Schreiber*, 566 F. Supp. 2d 1015, 1017 (N.D. Cal. 2008); *Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 1631093, at *3 (D. Kan. July 11, 2005).

When the facts of the underlying suits are taken into account, it becomes clear that the defendants have failed to show that the

legal fees at issue cannot be deemed a "debt" for purposes of the FDCPA. The facts concerning the suits are generally undisputed. Potratz & Hollander represented Spiegel in connection with four separate suits: (1) *Spiegel v. Optima Wilmette Ltd. Partnership*, which asserted claims based on the defective construction of Spiegel's home; (2) *Spiegel v. Leng*, a legal malpractice suit brought by Spiegel against his former attorneys who had represented him in a probate will contest; (3) *Spiegel v. Mescall*, a defamation suit; and (4) *Spiegel v. United States Securities and Exchange Commission*, a Petition for Review brought by Spiegel with the States Securities and Exchange Commission seeking an interpretation of the Chicago Board Options Exchange's Articles of Incorporation.

These suits have both a personal and a commercial dimension. For example, while the *Spiegel v. Optima Wilmette* suit was raised in connection with the defective construction of Siegel's home, the defendants point to evidence indicating that Spiegel operates his business out of his home. Similarly, the defamation at issue in *Spiegel v. Mescall* "alleged that [he] was defamed regarding the discharge of [his] duties related to his various business endeavors" and that result[ed] in prejudice to [his] trade and profession." (quotation marks omitted), Resp. to 56.1 at 7; however, Spiegel avers that the "defamation was personal" and "involved a false claim published about his parenting that his son was used as a 'human shield' to the Department of Children and

Family Services and others. *See* Spiegel Certification Ex. A at 4. And while Spiegel's SEC action is largely or entirely commercial, the fees incurred in connection with that suit represent only $531.18 of the approximately $70,000 in fees that P&H seeks to collect. Pl.'s Resp. to Defs.' 56.1 Stmt. 28.

In short, on this record, I am unable to say as a matter of law whether the subject of the transactions at issue were primarily for personal or for commercial purposes. *Cf. Goldstein v. Hutton, Ingram, Yuzek, Gainen Carroll & Bertolotti*, 39 F. Supp. 2d 394, 396 (S.D.N.Y. 1999) (questions of fact prevented the court from deciding on a motion to dismiss whether expenses were the result of a personal or business transaction). Thus, to the extent that the defendants seek summary judgment on the ground that the suit does not involve a "debt" in the relevant sense, their motion is denied.

In their summary judgment briefs, the defendants return to the question of whether they can be considered "debt collectors" within the meaning of the FDCPA. However, whereas they originally argued that they are not debt collectors by virtue of the Act's process-server exception, the defendants now argue that they are not debt collectors simply because they do not meet the more general requirements of the Act's definition of "debt collector." According to the defendants, "[u]nder all circumstances, regardless of the nature of allegedly improper collection activity at issue in any particular case, a defendant in an FDCPA case always needs to

satisfy the definition of a 'debt collector' as defined in Section 1692a(6) in order to be found liable under the FDCPA." Defs.' Reply Br. at 6-7. Thus, they argue, "plaintiff's assertions that defendants engaged in 'sewer service' or lied in a return of service or did anything else relating to *this particular case* have no bearing whatsoever on whether defendants operate a business which has a principal purpose of debt collection or regularly collect debts. The only competent evidence in this case is that defendants do not engage in debt collection as a principal purpose or as a regular practice." *Id.* at 7 (quotation marks omitted).

This argument is unpersuasive. As an initial matter, one wonders why the defendants should have bothered invoking the process-server exception in their motion to dismiss, if they could have defeated Spiegel's claim by showing that they otherwise failed to satisfy the Act's definition of "debt collector." Further, by its plain terms, the exception applies to "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a. It gives no indication that the "person" must otherwise meet the definition of "debt collector." Nor are the cases on which the defendants rely to the contrary. *See, e.g.*, *Neff v. Capital Acquisitions & Management Co.*, 352 F.3d 1118, 1121-22 (7th Cir. 2003); *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000); *Overton v. Foutty & Foutty, LLP*,

No. 1:07-cv-0274-DFH-TAB, 2007 WL 2413026 (S.D. Ind. Aug. 21, 2007). None of these cases discusses the process-server exception. On the other hand, cases involving the process-server exception are contrary to the defendants' theory. *Romea v. Heiberger & Associates*, 163 F.3d 111, 117 (2d Cir. 1998); *Sykes*, 2010 WL 5395712, at *2 & *5; *McNall v. Credit Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1277 (D. Or. 2010); *Worch v. Wolpoff & Abramson, L.L.P.*, 477 F. Supp. 2d 1015, 1019 (E.D. Mo. 2007). None of these cases even remotely suggests that process servers can be held liable only if they first meet all of the Act's general debt collector requirements.

Along with his response brief, Spiegel has filed a motion pursuant to Fed. R. Civ. P. 56(d), claiming that he needs additional discovery to support his contention that the defendants are not "process servers" under the Act. However, since the defendants have failed to show that they are entitled to summary judgment, additional discovery is not necessary for purposes of this motion on this basis. Accordingly, the Rule 56(d) motion is denied.

                                      **ENTER ORDER:**

                                      _____
                                      Elaine E. Bucklo
                                  United States District Judge

Dated: February 1, 2011