## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARSHALL SPIEGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No.: 09 CV 07163** |
| | ) | |
| **JUDICIAL ATTORNEY SERVICES, INC.,** | ) | |
| **and RYAN FLASKA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COME defendants, JUDICIAL ATTORNEY SERVICES, INC. and RYAN FLASKA, by and through their attorneys, Timothy P. Scahill and Steven B. Borkan of BORKAN & SCAHILL, LTD., and answering plaintiff's, MARSHALL SPIEGEL, Amended Complaint, states as follows:

1.  Plaintiff, Marshall Spiegel, is a consumer residing in this district.

**RESPONSE:** Deny.

2.  Defendant, Judicial Attorney Services, Inc. (JAS), is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA") located in this district with a registered agent, Robert D. Fairbanks, located at 2100 Manchester Rd., #301, Wheaton, IL.

**RESPONSE:**     Defendants deny that Judicial Attorney Services, Inc. (JAS), is a debt collector as defined by the Fair Debt Collection Practices Act. Defendants admit the remaining allegations in this Paragraph.

3.  Ryan Flaska is an agent and/or employee of JAS working as a debt collector as defined by the Fair Debt Collection Practices Act.

**RESPONSE:**     Defendants admit that Ryan Flaska is an agent and/or employee of JAS. Defendants deny the remaining allegations in this Paragraph

4.  Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FDCPA, 15 U.S.C. § 1692 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

1

**RESPONSE:**      Defendants deny that plaintiff has alleged a proper FDCPA claim and, thus, deny that this Court has jurisdiction over this matter.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

**RESPONSE:**      Defendants deny that plaintiff has alleged a proper FDCPA claim and, thus, deny that venue is proper in this matter.

6.     JAS has an Illinois Private Detective Agency License # 117-001119.

**RESPONSE:**      Admit.

7.     JAS is a professional attorney support firm.

**RESPONSE:**      Admit.

8.     JAS has worked with over 4000 attorneys in the past 12 years.

**RESPONSE:**      Admit.

9.     JAS advertises, "Have a judgment and need to collect? We can assist in finding individuals and business bank accounts, real property, boats, planes and current employment."

**RESPONSE:**      Admit.

10.     JAS will custom tailor services to meet the needs of a law firm.

**RESPONSE:**      Admit.

11.     Judicial Attorney Services was utilized by Potratz & Hollander, P.C. to support efforts to collect a personal debt allegedly owed by Plaintiff.

**RESPONSE:**      Defendants admit that Potratz & Hollander, P.C. retained JAS to serve process or attempt to serve process in a lawsuit. Defendants deny that this retention was "to support efforts to collect a personal debt allegedly owed by Plaintiff." Defendants deny the remaining allegations in this Paragraph.

12.     On December 22, 2008, JAS, by and through Ryan Flaska, using License # 117-001119, executed a false Proof of Service Document

**RESPONSE:**        Defendants admit that Ryan Flaska executed a Proof of Service Document on December 22, 2008 and that License # 117-001119 is contained thereon. Defendant denies the remaining allegations in this Paragraph.

13.     Ryan Flaska falsely claimed that he made personal service on Plaintiff.

**RESPONSE:**        Deny.

14.     The return of service included an inaccurate description of Plaintiff.

**RESPONSE:**        Defendant objects to this Request as vague and ambiguous in that it does specify what "an inaccurate description" is intended to encompass. Answering further and without waiving this objection as to that portion of the answer, Defendant has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the remainder of the allegations in this Paragraph.

15.     On February 5, 2009, Spiegel filed a Motion to Quash that included a certification stating that he was never served.

**RESPONSE:**        Deny.

16.     On May 21, 2009, JAS's agent Flaska presented false testimony in the Circuit Court of Cook County in Case Number 2008 L 009737 claiming that he made personal service on Plaintiff at the door of Plaintiff's condominium.

**RESPONSE:**        Defendants admit that Ryan Flaska gave testimony in the Circuit Court of Cook County in Case Number 2008 L 009737 stating that he made personal service on Plaintiff. Defendants deny the remaining allegations in this Paragraph.

17.     Ryan Flaska gave false testimony about the entryway to Spiegel's condo building.

**RESPONSE:**        Defendants admit that Ryan Flaska gave testimony in the Circuit Court of Cook County in Case Number 2008 L 009737. Defendants have made a reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny the remaining allegations in this Paragraph.

18.     Flaska testified that pressed a button and that he buzzed into the building and gained access to the front door of Spiegel's condominium unit.

**RESPONSE:**        Defendants admit that Ryan Flaska gave testimony in the Circuit Court of

Cook County in Case Number 2008 L 009737. Defendants have made a reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny the remaining allegations in this Paragraph.

19.     Spiegel's condo building does not have a buzzer system it has a telephone system for entry.

**RESPONSE:**     Defendants have made a reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny the allegations in this Paragraph.

20.     Flaska and Herbert conspired to deprive Spiegel of equal protection of law, namely to deprive him of his due process right to proper notice of a lawsuit.

**RESPONSE:**     Deny.

21.     Neither JAS nor Flaska ever made personal service upon Plaintiff.

**RESPONSE:**     Deny.

22.     Flaska on behalf of JAS made false statements in an attempt to enforce collection of a consumer debt.

**RESPONSE:**     Deny.

23.     Defendants JAS and Flaska's conduct went beyond being merely a messenger in serving legal process.

**RESPONSE:**     Deny.

24.     Rather, Defendants made false sworn written statements and made false testimony in Court in order to attempt to enforce and collect an alleged consumer debt.

**RESPONSE:**     Deny.

25.     On August 11, 2009, Judge Dennis J. Burke granted Plaintiff's motion to quash service related to the false claim of service of process made by Defendants.

**RESPONSE:**     Defendants admit that Plaintiff's motion to quash was granted on August 11, 2009. Defendants deny the remaining allegations in this Paragraph.

26.     Spiegel suffered damages as a proximate result of Defendants' conduct in that he

4

incurred court costs, attorney's fees and suffered emotional distress, aggravation and inconvenience.

**RESPONSE:**          Deny.

## COUNT I
### Violation of FDCPA Against Defendants JAS and Flaska

27.     Plaintiff realleges and incorporates paragraphs 1-26 into this count.

**RESPONSE:**          Defendants reallege and incorporate paragraphs 1-26 into their Answer to this count.

28.     Defendants acted as debt collectors, as defined by the FDCPA, with respect to Spiegel.

**RESPONSE:**          Deny.

29.     Defendants regularly attempt to collect debts by assisting debt collection lawyers in debt collection litigation.

**RESPONSE:**          Deny.

30.     Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector but the language of 1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." See Romea v. Heiberger & Assocs., 163 F.3d 111 (2nd Cir. 1998); Andrews v. S. Coast Legal Servs., 582 F. Supp. 2d 82 (D. Mass. 2008); and Flamm v. Sarner & Assocs., P.C., 2002 U.S. Dist. LEXIS 22255 (E.D. Penn. 2002).

**RESPONSE:**          Insofar as this Paragraph purports to state a legal conclusion, Defendants admit this Paragraph to the extent it is consistent with governing law and deny it the extent that it is inconsistent with governing law.

31.     Defendants JAS and Flaska were not serving or attempting to serve "legal process" but rather were engaged in the act of filing a false return of service and providing false testimony to a court to force collection of the consumer debt against Spiegel.

**RESPONSE:**          Deny.

32.     Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and 1692e(13) prohibits the "false representation or implication that documents are legal process."

5

**RESPONSE:**    Insofar as this Paragraph purports to state a legal conclusion, Defendants admit this Paragraph to the extent it is consistent with governing law and deny it the extent that it is inconsistent with governing law.

33.    Defendants JAS through Flaska made false, deceptive and misleading representations in connection with the collection of a debt by means of the false document executed on December 22, 2008.

**RESPONSE:**    Deny.

34.    Defendants JAS through-Flaska made false, deceptive and misleading representations in connection with the collection of a debt by means of the false testimony in Court on May 21, 2009.

**RESPONSE:**    Deny.

35.    On May 21, 2009, Flaska testified that he personally served Spiegel, this statement was false.

**RESPONSE:**    Defendants admit that Ryan Flaska testified that he made personal service on Plaintiff. Defendants deny the remaining allegations in this Paragraph.

36.    Flaska affirmed in the 12/22/2008 return of service that he personally served Spiegel, this statement was false.

**RESPONSE:** Defendants admit that Ryan Flaska affirmed the 12/22/2008 return of service that he personally served Spiegel. Defendants deny the remaining allegations in this Paragraph.

37.    Section 1692f of the FDCPA states in relevant part that a debt collector, may not "use unfair or unconscionable means to collect or attempt to collect any debt."

**RESPONSE:**    Insofar as this Paragraph purports to state a legal conclusion, Defendants admit this Paragraph to the extent it is consistent with governing law and deny it the extent that it is inconsistent with governing law.

38.    Defendant's act of filing a false return of service represented an unfair and unconscionable means to collect or attempt to collect any debt.

**RESPONSE:**    Deny.

39.    Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that he incurred costs and attorney's fees and suffered emotional distress, aggravation and inconvenience.

6

**RESPONSE:**       Deny.

     WHEREFORE Defendants deny that Plaintiff is entitled to judgment in the sum claimed or

in any sum of money whatsoever and ask that judgment be entered in their favor and against Plaintiff

with costs. Defendants demand a trial by jury.

## COUNT II
### Abuse of Process Against JAS and Flaska

     40.    Plaintiff realleges and incorporates paragraphs 1-39 into this Count.

**RESPONSE:**       Defendants reallege and incorporate paragraphs 1-39 into their Answer to this count.

     41.    Defendant used of legal process that was not proper in the regular prosecution of the proceedings -- namely using a false return of service and false testimony in court with existence of an ulterior purpose or wrongful motive -- namely to enforce collection of a debt without proper notice and due process.

**RESPONSE:**       Deny.

     42.    Defendant's abuse of process caused damages to Spiegel including incurring costs and attorney's fees, and suffering emotional distress, aggravation and inconvenience.

**RESPONSE:**       Deny.

     WHEREFORE Defendants deny that Plaintiff is entitled to judgment in the sum claimed or

in any sum of money whatsoever and ask that judgment be entered in their favor and against Plaintiff

with costs. Defendants demand a trial by jury.

## COUNT V
### Violation of Illinois Consumer Fraud Act Against JAS and Flaska

     43.    Plaintiff realleges and incorporates paragraphs 1-42 into this Count.

**RESPONSE:**       Defendants reallege and incorporate paragraphs 1-42 into their Answer to this count.

44.     815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

**RESPONSE:**          Insofar as this Paragraph purports to state a legal conclusion, Defendants admit this Paragraph to the extent it is consistent with governing law and deny it the extent that it is inconsistent with governing law.

45.     Defendants JAS and Flaska engaged in the course of trade and commerce when they provided the false return of service against Spiegel.

**RESPONSE:**          Deny.

46.     Defendants JAS and Flaska are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

**RESPONSE:**          Deny.

47.     Defendants JAS and Flaska committed a deceptive act or practice when they provided the false return of service that made the false statement that Spiegel was served on December 22, 2008.

**RESPONSE:**          Deny.

48.     Defendant Flaska committed a deceptive act or practice when he falsely testified on May 21, 2009 that he served Spiegel.

**RESPONSE:**          Deny.

49.     Flaska never served Spiegel.

**RESPONSE:**          Deny.

50.     Defendant Flaska intended that the Court, Herbert and ultimately Spiegel would rely on the deception.

**RESPONSE:**          Deny.

51.     Spiegel suffered actual damages as a proximate result of Defendant's conduct in that he incurred attorney's fees and suffered emotional distress, aggravation and inconvenience.

**RESPONSE:**          Deny.

52.     Defendant's conduct also constituted an unfair practice.

8

**RESPONSE:**          Deny.

53.     Defendant's conduct offends public policy.

**RESPONSE:**          Deny.

54.     Defendant's practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

**RESPONSE:**          Deny.

55.     Defendant's act of providing a false return of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

**RESPONSE:**          Deny.

56.     Defendant's act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

**RESPONSE:**          Deny.

57.     Defendant's act of providing testimony is immoral under long standing proscription against bearing false witness as embodied by the Ninth Commandment.

**RESPONSE:**          Deny.

58.     Defendant's act of providing false witness is unethical act by person who is an Illinois licensed private detective.

**RESPONSE:**          Deny.

59.     Defendant's act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

**RESPONSE:**          Deny.

60.     Sewer service has long been recognized as harmful unlawful practice. See Scarver v. Allen, 457 F.2d 308, fn. 1 (7th Cir. 1972); United States v. City of Philadelphia, 644 F.20 187 (3rd Cir. 1981); Blouin v. Dembitz, 489 F.2d 488 (2nd Cir. 1973); See United States V. Wiseman, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); United States v. Brand Jewelers, Inc., 318 F. Su p. 1293 (S.D. N.Y. 1970).

9

**RESPONSE:**      Insofar as this Paragraph purports to state a legal conclusion, Defendants admit this Paragraph to the extent it is consistent with governing law and deny it the extent that it is inconsistent with governing law.

WHEREFORE Defendants deny that Plaintiff is entitled to judgment in the sum claimed or in any sum of money whatsoever and ask that judgment be entered in their favor and against Plaintiff with costs. Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

NOW COME defendants, JUDICIAL ATTORNEY SERVICES, INC. and RYAN FLASKA, by and through their attorneys, Timothy P. Scahill and Steven B. Borkan of BORKAN & SCAHILL, LTD., and for their affirmative defenses, state as follows:

1.      Pursuant to 15 U.S.C. § 1692k(c), Defendants state that any violation of the FDCPA, which they deny occurred, was unintentional, and was the result of a *bona fide* error and incurred in spite of procedures reasonably adapted to avoid such error.

2.      Any and all actions of Defendants at issue in this suit occurred while serving or attempting to serve legal process. Accordingly, Defendants are exempt from the definition of "debt collectors" pursuant to 15 U.S.C. § 1692a(6)(D).

3.      The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. §1692a(5). The underlying obligation on which plaintiff's claims are based is not a "debt" within the meaning of the FDCPA and, thus, no recovery may be had under the FDCPA.

4.      Defendants are not "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and,

thus, no recovery may be had under the FDCPA.

5.     Plaintiff lacks standing to pursue a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") because he is not a "consumer" or other person with standing to invoke the protections of the ICFA.

6.     Plaintiff has failed to mitigate his damages, if any.

7.     Plaintiff's state law claims are pre-empted by federal statutory law.

8.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

9.     Plaintiff's claims, if any he had, are barred by the doctrines of laches, estoppel, unclean hands, and waiver.

10.     To the extent Plaintiff's damages and injuries, if any, were proximately caused by any act or omission, such act or omission was not that of Defendants but rather that of an independent third party.

11.     In the alternative, Plaintiff has failed to join a party or parties herein without whom complete relief cannot be accorded.

12.     Defendants were acting as court appointed process servers at all times relevant to this case and, thus, their actions are exempted from the ICFA pursuant to 815 Ill. Comp. Stat. 505/10b.

13.     As a result of positions taken by plaintiff in underlying legal matters and the previous dismissal of this action for want of prosecution, some or all of plaintiff's claims are barred by principles of *res judicata*, judicial estoppel, or collateral estoppel.

Defendants reserve the right to modify and supplement their Affirmative Defenses and to plead additional affirmative defenses, including those identified in Federal Rule of Civil Procedure

8(c), based upon such facts and circumstances as become known to them subsequent to the date of this pleading.

      WHEREFORE Defendants deny that Plaintiff is entitled to judgment in the sum claimed or in any sum of money whatsoever and ask that judgment be entered in their favor and against Plaintiff with costs.  Defendants demand a trial by jury.

Respectfully submitted,

s/ Timothy P. Scahill
Timothy P. Scahill

## INSUFFICIENT KNOWLEDGE CLAUSE

Timothy P. Scahill being first duly sworn on oath, deposes and says that he is the attorney for defendants, in the above entitled cause; that he has read the foregoing Answer and knows the contents thereof and that the statements contained therein as to lack of knowledge sufficient to form a belief of truth and correctness are true. Under penalty of perjury, I certify that the statements set forth in this paragraph are true and correct.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By:  s/Timothy P. Scahill
        Timothy P. Scahill

Timothy P. Scahill (6287296)
Steven B. Borkan (6193463)
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603
(312) 580-1030